IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GOOD FAITH MINISTRIES, | : | |
| --- | --- | --- |
| | : | 4:10-cv-1874 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| COUNTY OF NORTHUMBERLAND, | : | Hon. Martin C. Carlson |
| | : | |
| Defendant. | : | |

# MEMORANDUM

## March 8, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 23), filed on February 16, 2011, which recommends that Defendant's Motion to Dismiss (Doc. 9) be granted. Plaintiff filed objections to the R&R on March 7, 2011. (Doc. 24). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

**I. BACKGROUND**

*Pro se* Plaintiff Good Faith Ministries("Plaintiff" or "Good Faith Ministries") filed this action on September 7, 2010 against Defendant Northumberland County, Pennsylvania ("Defendant" or "Northumberland

County"). Good Faith Ministries claims that Northumberland County engaged in discriminatory and wrongful tax assessment practices. In particular, Plaintiff is aggrieved by tax bills received from Northumberland County for properties owned by it located in Shamokin and Coal Township, Pennsylvania. After inquiring into these assessments, Plaintiff claims it was told that the properties must be used as 'places of worship' in order to be tax-exempt. Plaintiff argues that Defendant is discriminating against it by taxing these properties, noting that two churches in Sunbury, Pennsylvania have been granted tax-exempt status even though they derive income from third-party use of their parking lots.

Plaintiff asserts that this Court has jurisdiction over the matter under the First Amendment. Plaintiff argues that, under federal law, Plaintiff's properties "should all be tax exempt and need not be used for a religious or non-profit purpose, nor does it need to comprise a building structure to qualify as a place of prayer and worship." (Complaint, p. 3). Plaintiff asks that the Court grant it tax exemption on all of its properties, suspend all present and future tax collections against the properties, compensate Plaintiff for the full value of all properties seized by Defendant for property taxes, and award it $1,000,000.00 for each year that its properties have been taxed by Northumberland County. (Complaint, p. 4).

As noted above, on February 16, 2011, Magistrate Judge Carlson issued the instant R&R (Doc. 23) recommending the following with respect to the Defendant's pending Motion to Dismiss (Doc. 9):

(1) that the Motion to Dismiss be granted and the Complaint be dismissed because the Court lacks subject matter jurisdiction over the Plaintiff's claims, or, alternatively, that;

(2) that the Court abstain from exercising jurisdiction over Plaintiff's claims pursuant to well-settled principles of comity.

As noted, Plaintiff filed objections to the R&R, arguing that this matter should proceed in this Court, asserting that it is a civil rights claim and a property taxation claim.

We now turn to an analysis of the R&R, in view of the Plaintiff's objections.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

    B.    **Rule 12(b)(6) Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*,

5

550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### III. DISCUSSION

As noted above, the Plaintiff objects to Magistrate Judge Carlson's recommendation of dismissal of this action based on lack of subject matter jurisdiction. Plaintiff's arguments, however, do not recognize the bright line statutory and case law clearly establishing this Court's lack of jurisdiction over matters such as these. To be sure, pursuant to the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or

collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Third Circuit has repeatedly concluded that Pennsylvania's judicial system provides the requisite "plain, speedy and efficient remedy" for challenging tax assessments. *Behe v. Chester County Bd. Of Assessment Appeals*, 952 F. 2d 66, (3d Cir. 1991); *Balazik v. County of Dauphin*, 44 F. 3d 209, 218 (3d Cir. 1995)("We hold that Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 plaintiffs challenging state taxation policies."); *see also Gass v. County of Allegheny*, 371 F. 3d 134, 137-138 (3d Cir. 2004)(reaffirming *Behe* and *Balazik* and noting plaintiffs had not identified any changes since *Balazik* making it more difficult to challenge state taxation actions).

As Magistrate Judge Carlson aptly concluded, the Tax Injunction Act divests this Court of any jurisdiction over the matter at hand because Plaintiffs are asking us to enjoin or restrain the assessment of taxes.[1] We simply cannot preside over this action, no matter how Plaintiff attempts to cast it. Thus, we shall overrule the Plaintiff's objections and adopt the R&R in its entirety. An appropriate Order shall issue.

---

[1] Since we are dismissing this case on the basis of the Tax Injunction Act, we do not need to reach Magistrate Judge Carlson's alternative conclusion of dismissal based on principles of comity.